UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| James R. Rose, | ) | Civil Action No.: 0:20-cv-02921-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden, McCormick Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner James R. Rose, a state prisoner proceeding pro se, has filed a petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254. *See* ECF No. 1. The matter is before the Court for

consideration of Petitioner's objections to the Report and Recommendation ("R & R") of United

States Magistrate Judge Paige J. Gossett.[1] *See* ECF Nos. 25 & 29. The Magistrate Judge

recommends granting Respondent's motion for summary judgment and denying Petitioner's § 2254

petition. ECF No. 25 at p. 9. The Magistrate Judge further recommends denying Petitioner's

motion for bond. *See id*.

## **Background**

The State of South Carolina indicted and tried Petitioner in the Charleston County Court of

General Sessions for murder. *See* ECF No.15-2 at 299-300. The jury convicted him, and the trial

court imposed a sentence of life imprisonment. *See id*. at 168-77.

Petitioner filed a direct appeal, which raised a single issue related to the admission of

telephone calls he purportedly made while in pre-trial incarceration. *See* ECF No. 15-2 at 180-197.

The South Carolina Court of Appeals affirmed Petitioner's conviction in an unpublished opinion

---

[1]    This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local
Rule 73.02(B)(2)(c) for the District of South Carolina.

and issued a remittitur. [ECF No. 15-4].

Petitioner then filed an application for post-conviction relief ("PCR") in state court, and his PCR counsel later filed an amended PCR application on his behalf. *See* ECF No. 15-2 at pp. 199-205, 212-13. After holding a hearing, at which Petitioner, his trial counsel, and his appellate counsel testified, the PCR court issued a written order denying and dismissing the PCR application with prejudice. *See id.* at pp. 214-300. The PCR court found, among other things, that Petitioner "failed to meet his burden of establishing the State presented or used perjured testimony against him." *Id.* at 296-97. Petitioner, represented by counsel, filed a petition for a writ of certiorari from the denial of his PCR application, which raised two issues that were related to Petitioner's alibi. *See* ECF No. 15-6. The petition was transferred to the South Carolina Court of Appeals, and Petitioner, against the advice of his appellate PCR counsel, subsequently moved to withdraw his appeal and relieve his counsel. *See* ECF Nos. 15-7 & 15-8. The South Carolina Court of Appeals dismissed Petitioner's appeal and remitted the case. *See* ECF No. 15-9.

Petitioner then filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* ECF No. 1. Respondent answered by filing a return and a motion for summary judgment, to which Petitioner responded in opposition. *See* ECF Nos. 15, 16, & 22. Petitioner also filed a motion for bond, which was fully briefed by the parties. *See* ECF Nos. 14, 19, & 21. The Magistrate Judge issued an R & R recommending that the Court grant Respondent's motion for summary judgment and dismiss Petitioner's § 2254 petition. *See* ECF No. 25 at 9. The Magistrate Judge also recommended that Petitioner's motion for bond be denied. *Id.* Petitioner filed timely objections to the R & R, and Respondent filed a reply to Petitioner's objections. *See* ECF Nos. 29 & 32.

2

## Legal Standards

### I. Review of the Magistrate Judge's R&R

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R&R to which specific objections are made, and it may accept, reject, or modify in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R&R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

### II. Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see generally Rule 12 of the Rules Governing Section 2254 Cases ("The Federal Rules of Civil Procedure . . . , to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."); *Brandt v. Gooding*, 636 F.3d 124, 132 (4th Cir. 2011) ("Federal Rule of Civil Procedure 56 'applies to habeas proceedings.'" (quoting Maynard v. Dixon, 943 F.2d 407, 412 (4th Cir. 1991))). "A party asserting

3

that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular

parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the

absence or presence of a genuine dispute, or that an adverse party cannot produce admissible

evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "The evidence must be viewed in the light

most favorable to the non-moving party, with all reasonable inferences drawn in that party's favor.

The court therefore cannot weigh the evidence or make credibility determinations." *Reyazuddein v.*

*Montgomery Cnty.*, 789 F.3d 407, 413 (4th Cir. 2015) (internal citation and quotation marks

omitted).

**III. Federal Habeas Review Under 28 U.S.C. § 2254**

Because Petitioner filed his petition after the effective date of the Antiterrorism and

Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254 governs review of his claims.

*Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998). Under

the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state

adjudication:

> (1)    resulted in a decision that was contrary to, or involved an
>        unreasonable application of, clearly established Federal law, as
>        determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable
>        determination of the facts in light of the evidence presented in
>        the State court proceeding.

28 U.S.C. § 2254(d). This is a "difficult to meet and highly deferential standard for evaluating state-

court rulings, which demands that state-court decisions be given the benefit of the doubt." *Cullen v.*

*Pinholster*, 563 U.S. 170, 181 (2011) (internal quotation marks and citations omitted). "Section

2254(d)(1) describes the standard of review to be applied to claims challenging how the state courts

4

applied federal law, while § 2254(d)(2) describes the standard to be applied to claims challenging

how the state courts determined the facts." *Winston v. Kelly*, 592 F.3d 535, 553 (4th Cir. 2010).

### Discussion

In his § 2254 petition, Petitioner asserts a claim of prosecutorial misconduct, alleging that

his due process rights were violated because the State presented perjured testimony. The Magistrate

Judge recommends granting summary judgment, concluding that Petitioner's claim is procedurally

barred. *See* ECF No. 25. Petitioner objects to the Magistrate Judge's recommendation, arguing that

(1) this claim was presented to and ruled upon by the highest court in South Carolina and (2) he

demonstrated he is factually innocent. *See* ECF Nos. 29 & 31.

### I. Procedural Bar

First, Petitioner objects to the Magistrate Judge's finding that his prosecutorial misconduct

claim is procedurally barred, arguing his claim was presented to and ruled upon by the highest court

in South Carolina. See ECF No. 31.

Absent a valid excuse, a state prisoner must exhaust his remedies in state court before

seeking federal habeas corpus relief. *See* 28 U.S.C. § 2254(b)(1). "To exhaust state remedies, the

petitioner must fairly present the substance of his claim to the state's highest court." *Burket v.*

*Angelone*, 208 F.3d 172, 183 n.11 (4th Cir. 2000); *see also In re Exhaustion of State Remedies in*

*Crim. & Post-Conviction Relief Cases*, 471 S.E.2d 454, 545 (1990) (finding that when a claim on an

appeal from criminal convictions or post-conviction relief matters "has been presented to the Court

of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have

exhausted all avaliable state remedies."). If the claims brought in federal habeas petition would be

procedurally defaulted under state procedural rules, a federal habeas court should not review the

merits of the claims "unless the prisoner can show cause for the default and demonstrate actual prejudice as a result of the alleged violation of federal law, or prove that failure to consider the claims will result in a fundamental miscarriage of justice." *Lawrence v. Branker*, 517 F.3d 700, 714 (4th Cir. 2008) (quoting *McCarver v. Lee*, 221 F.3d 583, 588 (4 Cir. 2000)).

Petitioner's direct appeal of his conviction did not argue that his due process rights were violated by the State's alleged use of perjured testimony. [ECF No. 15-2, at 180-197]. Petitioner raised that issue in his application for PCR, but the PCR court denied and dismissed Petitioner's claim, finding Petitioner "failed to meet his burden of establishing the State presented or used perjured testimony against him." [ECF No. 15-2, at 297]. Petitioner appealed the denial of his PCR application by filing a petition for a writ of certiorari in the South Carolina Supreme Court, but he did not argue the PCR court erred in its ruling regarding the State's alleged use of perjured testimony. [ECF No. 15-6]. Thus, that issue was not preserved for appellate review in state court, and that claim is procedurally barred. *See Aiken v. Reynolds,* No. 6:15-cv-03270-RBH, 2016 WL 5661696, at *4 (D.S.C. Sept. 29, 2016) (finding a claim that was not presented on direct appeal or in the petitioner's petition for a writ of certiorari from the denial of his PCR application to be procedurally defaulted ); *see also McCray v. State*, 317 S.C. 557, 559 n.1, 455 S.E.2d 686, 687 n.1 (1995) (noting that an issue not raised in a petition for a writ of certiorari from the denial of a petitioner's PCR application was not preserved for appellate review); *see In Re Exhaustion of State Remedies in Crim. and Post-Conviction Relief Cases*, 321 S.C. 563, 471 S.E.2d 454, 454 (1990) (finding in all appeals from criminal convictions or post-conviction relief matters, "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all avaliable state remedies.").

Although Petitioner did not include the prosecutorial misconduct claim in his PCR appeal, he nevertheless contends he presented that claim to the state's highest court in a petition for habeas corpus in the South Carolina Supreme Court's original jurisdiction. *See* ECF No. 1 at 16-27 & ECF No. 31. Petitioner submitted a copy of that court's order denying his petition, in which the South Carolina Supreme Court found the following:

> We find there are no constitutional violations which constitute a denial of fundamental fairness shocking to the universal sense of justice. *Butler v. State*, 302 S.C. 466, 468, 397 S.E.2d 87, 88 (1990); *see also Gibson v. State*, 329 S.C. 37, 495 S.E.2d 426 (1998) (holding a habeas corpus petition must support the requested relief and must make out a prima facie case showing a constitutional violation, which, in the setting, constitutes a denial of fundamental fairness shocking to the universal sense of justice). Therefore, the petition is denied.

ECF No. 31-1, at

In *Wilson v. Moore*, the Fourth Circuit Court of Appeals found the South Carolina Supreme Court's denial of a state habeas petition in a one-sentence order indicated the state's highest court did not consider the petitioner's claims on the merits. 178 F.3d 266, 276-79 (4th Cir. 1999). This finding was based, in part, on "the South Carolina Supreme Court's historical reluctance to exercise its original jurisdiction." *Id*. at 278; *see also id.* (quoting *Key v. Currie*, 305 S.C. 115, 406 S.E.2d 356, 357 (1991) ("[T]his Court has indicated it will not entertain matters in its original jurisdiction where the matter can be entertained in the trial courts of this State. Only when there is an extraordinary reason such as a question of significant public interest or an emergency will this Court exercise its original jurisdiction.")) In reaching this finding, the Fourth Circuit also noted the petitioner's state habeas claims were identical to the claims she raised to the PCR court, and concluded "[b]ecause South Carolina eschews the use of habeas as a belated substitute for a

7

previously denied PCR application–which is certainly what happened here . . . [the petitioner's] habeas petition did not afford the South Carolina Supreme Court the extraordinary reason necessary to exercise its original habeas jurisdiction." *Id* at 277.  In light of the state supreme court's reluctance to exercise its jurisdiction in such cases, the Fourth Circuit noted the habeas petition was "nothing more than an attempt to revitalize her first PCR claim," and indicated the court was "convinced that the Supreme Court of South Carolina did not take the 'extraordinary' step of exercising its original jurisdiction to review her petition on the merits." *Id*.

In the instant case, the South Carolina Supreme Court's denial of Petitioner's state habeas claim cited *Gibson* and *Butler*, both of which highlight the same reluctance to exercise its original jurisdiction over habeas claims that was noted in *Wilson*.  *See Gibson*, 329 S.C. at 40 n.1, 496 S.E.2d at 428 n.1 (internal citation omitted) ("Not every constitutional error at trial will justify issuance of a writ of habeas corpus.  This writ will only issue when there has been a 'violation, which, in the setting, constitutes a denial of fundamental fairness shocking to the universal sense of justice.'"(quoting *Butler*, 302 S.C. at 468, 397 S.E.2d at 88)).  Furthermore, like in *Wilson*, the issue Petitioner raised to the South Carolina Supreme Court in his petition for habeas corpus was also the same issue he raised in his application for PCR.

Based on the foregoing, the merits of the issue of whether Petitioner's due process rights were violated because the State allegedly presented perjured testimony has not been considered by the state supreme court, and, thus, the state habeas petition was not sufficient for properly presenting the issue to the state's highest court in order to overcome the application of procedural bars.  *See McFarland v. Warden, Lieber Corr. Inst*., C.A. No. 6:07-588-TLW-WMC, 2008 WL 697152 at *6 (D.S.C. Mar. 11, 2008) (finding a state habeas petition filed in the South Carolina Supreme Court's

8

original jurisdiction that does not provide the court with an extraordinary reason for the exercise of its original jurisdiction "is an insufficient mechanism for review on the merits [to] properly present the issue to the state's highest court."); *see also Scott v. South Carolina*, C.A. No. 8:11-788-RMG, 2011 WL 5101567 (Oct. 26, 2011). Therefore, Petitioner's claim is procedurally defaulted.

## II. Excuse for Default

A procedural default can be excused if a petitioner "can show cause for the default and demonstrate actual prejudice as a result of the alleged violation of federal law, or prove that failure to consider the claims will result in a fundamental miscarriage of justice." *McCarver*, 221 F.3d at 588.

The Magistrate Judge found "any alleged error by PCR appellate counsel cannot serve as cause to excuse the procedural default . . . . [and] Petitioner fails to articulate or demonstrate any additional cause and prejudice." ECF No. 25 at 8-9. The Magistrate Judge further found Petitioner "has not met the exacting standard of showing a miscarriage of justice" because he has not demonstrated that he is factually innocent. *See id.* at 9. Petitioner does not object to the Magistrate Judge's findings that he did not show cause for the default or demonstrate actual prejudice. The Court, finding no clear error, adopts those findings. *See Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 199-200. However, Petitioner objects to the Magistrate Judge's finding that "Petitioner has not demonstrated that he is factually innocent." *See* ECF No. 29.

The fundamental miscarriage of justice exception to the bar of a federal habeas court's review of a procedurally defaulted claim has been applied "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478 (1986). A petitioner "asserting innocence as a gateway to defaulted claims must establish that,

9

in light of *new evidence*, 'it is more likely than not that no reasonable juror would have found

petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536-37 (2006)

(emphasis added) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (2013)); *see also id.* at 538 (noting

that because actual innocence as a gateway to a defaulted claim "involves evidence the trial jury did

not have before it, the inquiry requires the federal court to assess how reasonable jurors would react

to the overall, newly supplemented record."). Petitioner has not put forward any new evidence in

order to provide a gateway to excuse the procedural default.

Because Petitioner did not show cause and prejudice or actual innocence to excuse the

procedural default, this Court need not consider the defaulted claim. *See Kornahrens v. Evatt*, 66

F.3d 1350, 1359 (4th Cir. 1995).

### Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final

order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases. A certificate

of appealability will not issue absent "a substantial showing of the denial of a constitutional right."

28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this

standard by demonstrating that reasonable jurists would find that the court's assessment of the

constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see*

*Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on

procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is

debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*,

529 U.S. at 484–85. In this case, the Court concludes that Petitioner has failed to make the requisite

showing of "the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**<u>Conclusion</u>**

The Court has reviewed the entire record, including the Magistrate Judge's R & R and Petitioner's objections, and considered applicable law.  The Court has conducted a de novo review of those portions of the R & R to which Petitioner objects.  For the reasons stated in this Order and in the R & R, the Court overrules Petitioner's objections and adopts and incorporates the R & R [ECF No. 25] by reference.

Accordingly, the Court **GRANTS** Respondent's motion for summary judgment [ECF No. 16] and **DENIES AND DISMISSES** Petitioner's § 2254 petition *with prejudice.*[2]  The Court DENIES a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Florence, South Carolina                                    s/ R. Bryan Harwell
April 19, 2021                                              R. Bryan Harwell
                                                           Chief United States District Judge

---

[2] Petitioner's motion for bond [ECF No. 14] is moot.

11